WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Cox,<br><br>    Plaintiff,<br><br>v.<br><br>Coralie Lee, et al.,<br><br>    Defendants. | No.  CV-20-0275-PHX-DMF<br><br>**ORDER** |

## I.     BACKGROUND

Plaintiff filed the Complaint in this matter on February 5, 2020 (Doc. 1).  On February 10, 2020, the Court directed that the Clerk of the Court seal Plaintiff's Complaint because it contained the minor child's name; the Court directed that Plaintiff submit a redacted complaint (Doc. 7).  On February 14, 2020, Plaintiff filed a redacted Complaint but failed to fully redact the minor child's name (Doc. 9).  The Court again directed that the Clerk of the Court seal Plaintiff's redacted Complaint (Doc. 9) and ordered that Plaintiff file a fully redacted complaint (Doc. 11).  On March 11, 2020, Plaintiff subsequently filed another redacted Complaint (Doc. 17).  The subsequently redacted Complaint (Doc. 17) still contains the minor child's name on page 5, line 24.  The Court will direct that the Clerk of the Court seal the redacted Complaint at Doc. 17, redact the minor's name in the redacted Complaint (Doc. 17) at page 5, line 24, and refile the newly redacted Complaint.

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted pursuant to Rule 12(b)(6), Federal Rules

1   of Civil Procedure ("Fed. R. Civ. P.") (Doc. 8), Plaintiff's March 3, 2020, response to the
2   motion to dismiss and counter motion for entry of default (Doc. 16), Defendants' reply to
3   the motion to dismiss combined with a motion to strike Plaintiff's counter motion for entry
4   of default (Doc. 19), and Plaintiff's amended response to the motion to dismiss (Doc. 23).
5   The motions are ripe for decision.  All the named parties have consented to Magistrate
6   Judge jurisdiction pursuant to 28 U.S.C. § 636(c) (Docs. 14, 21, 22).

7         The Court notes that Defendant's reply to the motion to dismiss (Doc. 19) references
8   subject matter jurisdiction, and Plaintiff addressed federal versus state court subject matter
9   jurisdiction in his amended response to the motion to dismiss (Doc. 23).  Plaintiff's
10  amended response to the motion to dismiss (Doc. 23) was improperly filed without leave
11  of Court, but the Court will not strike such because the Court will review all the parties'
12  arguments in light of the Court's own question about whether the Court has subject matter
13  jurisdiction over the matters raised in the Complaint.

14        The Complaint is brought on behalf of a minor child by his biological father, John
15  (Jack) Cox, "as Next Friend, natural guardian, and designated Social Security
16  representative payee".  The Complaint regards the minor's "thirty-five thousand five
17  hundred eleven dollars ($35,511.00) plus interest in Social Security backpay" which the
18  Complaint alleges "is being wrongfully withheld from" the minor and John (Jack) Cox.
19  The named defendants are the material already grandparents of the minor and their family
20  trust.  The Complaint alleges that the named defendants and undescribed but fictitious
21  defendants are "intentionally depriving" the minor of the thirty-five thousand five hundred
22  eleven dollars ($35,511.00) plus interest in funds belonging to the minor that were
23  previously received by the minor's mother as Social Security payments for the minor.

24        The Complaint alleges that the thirty-five thousand five hundred eleven dollars
25  ($35,511.00) plus interest in Social Security backpay was paid due to the disability of the
26  minor's now deceased mother, upon whom the minor was dependent.  The Complaint
27  alleges that on October 19, 2015, the Commissioner of Social Security found the minor's
28  since deceased mother to have been disabled and found that the minor was her dependent.

The Complaint alleges that the minor's since deceased mother was the minor's payee, and on or about October 19, 2015, the minor's since deceased mother received social security back payments as the minor's payee in the amount of thirty-five thousand five hundred eleven dollars ($35,511.00). The minor's since deceased mother deposited the thirty-five thousand five hundred eleven dollars ($35,511.00) in a bank account, but later turned such monies over to the minor's maternal grandparents, who are defendants in this action. Thereafter, the minor's mother died of cancer. The Complaint alleges that on or about December 26, 2016, the Commissioner of Social Security chose John (Jack) Cox to be the minor's successor representative payee. The Complaint does *not* allege that the defendants were at any time designated as payees for the minor by the Commissioner of Social Security.

The Complaint seeks declaratory judgment that the minor is the owner of the thirty-five thousand five hundred eleven dollars ($35,511.00). The Complaint further seeks an order that the defendants pay the thirty-five thousand five hundred eleven dollars ($35,511.00) plus interest into the Court. The Complaint seeks that the Court distribute the thirty-five thousand five hundred eleven dollars ($35,511.00) to the minor by direct payment to Plaintiff John (Jack) Cox. Finally, the Complaint seeks for the Court to "advise Social Security of the existence and nature of these funds and pay same over to Social Security to be handled by Social Security as required of them by 20 CFR § 404.2060" and to "allow Mr. Cox to plead the Social Security Administration into this matter".

The Complaint alleges subject matter jurisdiction pursuant to 28 U.S.C. §1331; 42 U.S.C. § 405(a), (b), and (i); 42 U.S.C. §1007 et seq.; and various administrative regulations pertaining to Social Security Administration benefits. The Complaint specifically states that "this is not a 42 U.S.C. [§] 405(g) case". Also, as noted above, the Complaint requests declaratory judgment that the minor is the owner of the funds at issue.

II.   **APPLICABLE LAW**

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Fed.

R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

This Court is a limited jurisdiction court; this court has no jurisdiction beyond that conferred upon it by federal statute. *Brandt v. Bay City Super Mkt.*, 182 F.Supp. 937, 939 (N.D. Cal. 1960). Fed. R. Civ. P. 8(a)(1) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction." Further, the party asserting jurisdiction bears the burden of establishing jurisdiction. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, the Court is obligated to evaluate its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases involve either a question of federal law (federal question jurisdiction) or a significant controversy between citizens of different states (diversity jurisdiction). *See* 28 U.S.C. §§ 1331, 1332. By a plain reading, neither 42 U.S.C. § 405(a), (b), and (i); 42 U.S.C. §1007 et seq.; nor the various administrative regulations pertaining to Social Security Administration Employee benefits cited by Plaintiff confer jurisdiction of this Court. The Court will review and consider potential apparent and stated basis for subject matter jurisdiction for the matters raised in the Complaint.

### A.     Federal Question Jurisdiction

For federal question jurisdiction, 28 U.S.C. § 1331 provides that district courts have jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." The federal question jurisdiction statute, 28 U.S.C. § 1331, is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807–12 (1986); *see also Utley v. Varian Assocs.*, Inc., 811 F.2d 1279, 1283 (9th Cir. 1987). For example, a complaint that alleges only a federal constitutional violation, for example, is insufficient.

The Court's "limited jurisdiction cannot be invoked so simplistically." *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992); *see also Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (*quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986)) (it is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). "[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' " *Merrell Dow Pharm. v. Thompson*, 478 U.S. at 817 (*quoting* 28 U.S.C. § 1331).

Further, federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (jurisdiction possessed by the District Courts is strictly original; entertaining a proceeding to reverse or modify state court judgment would be an exercise of appellate jurisdiction).

**B.     Diversity Jurisdiction**

In 28 U.S.C. §1332, the United States Code specifies the requirements for federal subject matter based on diversity of citizenship. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, the plaintiff must be a resident of a different state than the defendants and the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Diversity jurisdiction requires complete diversity, meaning, every plaintiff must be diverse from every defendant. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). To establish a party's citizenship in a particular state, a party must prove that

the person is "domiciled" in that state. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A natural person is domiciled in the location in which he or she has established a fixed habitation or adobe, and has an intention to remain permanently or indefinitely. *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940) (citations omitted). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew*, 797 F.2d at 750. " 'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). A change in domicile requires the physical presence at the new location with an intention to remain there indefinitely. *See Williamson v. Osenton*, 232 U.S. 619, 624 (1914); *Lew*, 797 F.2d at 750. A person's old domicile is not lost until a new one is acquired, and there is a presumption in favor of an established domicile as against an allegedly newly acquired one. *Lew*, 797 F.2d at 750-51.

The federal diversity statute has particular provisions regarding citizenship of corporations. *See* 28 U.S.C. § 1332(c)(1). As explained by the Ninth Circuit:

> For purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business." 28 U.S.C. § 1332(c)(1). While a corporation's state of incorporation can be determined with ease, its principal place of business often proves elusive. To simplify the jurisdictional inquiry, the Supreme Court has defined "principal place of business" to mean "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). This "nerve center" is "typically ... found at a corporation's headquarters." *Id.* at 81, 130 S.Ct. 1181.

*3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018). The diversity jurisdiction statute states that:

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--

>       (A) every State and foreign state of which the insured is a citizen;
>       (B) every State and foreign state by which the insurer has been incorporated; and
>       (C) the State or foreign state where the insurer has its principal place of business[.]

28 U.S.C. § 1332(c)(1).

In addition to full diversity of parties, diversity jurisdiction requires the amount in controversy to exceed $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). When, as here, "the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'" *Geographic Expeditions, Inc., v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir.2010) (*quoting Crum v. Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir.2000)). The Ninth Circuit has explained that:

> [t]he amount in controversy alleged by the proponent of federal jurisdiction-typically the plaintiff in the substantive dispute-controls so long as the claim is made in good faith ... [*Crum*, 231 F.3d at 1131) ]. "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (internal quotation omitted). This is called the "legal certainty" standard, which means a federal court has subject matter jurisdiction unless "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 ... (1938).

*Id. See also Riggins v. Riggins*, 415 F.2d 1259, 1269 (9th Cir.1969) ("The basic rule is that, for jurisdictional purposes, the amount in controversy is measured by the amount of the claim.... This rule is subject to the qualification that the amount of the claim must appear to be in good faith and not fictitiously asserted simply to allege a sum sufficient for federal jurisdiction.").

    **C.**  **Jurisdiction Over Social Security Appeals From Agency Decision**

Pursuant to 42 U.S.C. § 405(g), this Court has subject matter jurisdiction to review final decisions of the Commissioner of Social Security regarding applications for Social Security benefits when a timely action is brought by an individual who was a party in the administrative proceedings. 42 U.S.C. § 405(g) states in pertinent part:

> (g) Judicial review
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

**D.     Declaratory Judgment Act**

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration" but specifically requires that it has to be a "case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a).[1] The Declaratory Judgment Act, 28 U.S.C. § 2201, is not a jurisdictional statute. *See Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir.1983).  Stated another way, the Declaratory Judgment Act, 28 U.S.C. § 2201, is not an independent source of federal jurisdiction.  The purpose of the Declaratory Judgment Act is to provide an additional remedy once jurisdiction is found to exist on another ground. *See Benson v. State Bd. of Parole and Probation*, 384 F.2d 238, 239 (9th Cir. 1967), *cert. denied*, 391 U.S. 954 (1968).

---

[1] 28 U.S.C.A. § 2201(a) states: "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

1 |   "Even if there is an actual controversy [within its jurisdiction], the district court is
2 | not required to exercise declaratory judgment jurisdiction, but has discretion to decline that
3 | jurisdiction" if doing so would better serve the policy behind the Declaratory Judgment
4 | Act, which is to afford relief from uncertainty with respect to rights, status, and other legal
5 | relations. *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 810 (Fed. Cir. 1996) (*citing Public
6 | Serv. Comm'n v. Wycoff, Co.*, 344 U.S. 237, 241 (1952) and *overruled in part on other
7 | grounds*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)).

  **E.**  **Interpleader**

  [I]nterpleader is only a procedural device" which "does not convey jurisdiction on the courts." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000), *as amended on denial of reh'g and reh'g en banc* (Nov. 3, 2000). "Accordingly, a party seeking to bring an interpleader action in federal court must establish statutory jurisdiction." *Id.*

**III.**  **ANALYSIS**

  The Complaint specifically states that "this is not a 42 U.S.C. [§] 405(g) case". Plaintiff is correct that 42 U.S.C. § 405(g) does not confer jurisdiction on this Court for the matters raised in the Complaint. Plaintiff is not challenging an administrative decision of the Commissioner of Social Security. Nor does the Court have diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332. Diversity of the parties is not addressed in the Complaint and the amount in controversy is too low in any event. Further, as discussed above, the Declaratory Judgment Act, 28 U.S.C. § 2201, is not a jurisdictional statute and does not confer jurisdiction on this Court. Also, Plaintiff's request for some type of interpleader relief does not establish subjection matter jurisdiction. In addition, 42 U.S.C. § 405(a), (b), and (i); 42 U.S.C. §1007 et seq.; and the various administrative regulations pertaining to Social Security Administration Employee benefits cited by Plaintiff are not jurisdictional provisions and do not confer jurisdiction of this Court. Those statutory provisions and regulations do not authorize a private right of action in this Court.

Remaining is whether there is federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Court concludes that it does not have federal question jurisdiction over the Complaint. "Federal question jurisdiction only arises 'when the plaintiff sues under a federal statute that creates a right of action in federal court.' " *Pence v. Arizona*, No. CV-17-01857-PHX-GMS, 2017 WL 2619135, at *2 (D. Ariz. June 16, 2017) (*quoting Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1021–22 (9th Cir. 2007)). Plaintiff has not done so.[2]

Plaintiff cites *Peace v. Peace*, 234 Ariz. 546, 323 P.3d 1197 (Ct. App. 2014) in support of his position that this Court has jurisdiction over the Complaint. Plaintiff's reliance on Peace to support this action is misplaced. The *Peace* case did hold that due to federal preemption, the Arizona courts lack jurisdiction to review management of derivative Social Security benefits, to find a party in contempt concerning the misuse of such funds, or to enter a civil judgment in favor of a plaintiff on the basis of representative payee misuse of funds. Yet, the *Peace* case did not and could not hold that Congress established a private right of action in federal court against non-payees to challenge possession and use of funds that were previously distributed by the Commissioner of Social Security. As explained in *Peace*:

> Congress and the Social Security Administration ("SSA") have enacted extensive oversight mechanisms regarding the use of these federal funds, indicating congressional intent to occupy the field. *See, e.g.*, 42 U.S.C. § 408(a)(5) ("Whoever ... having made application to receive payment under this subchapter for the use and benefit of another and having received such a payment, knowingly and willfully converts such a payment, or any part thereof, to a use other than for the use and benefit of such other person ... shall be guilty of a felony and upon conviction thereof shall be fined under Title 18 or imprisoned for not more than five years, or both."); 42 U.S.C. § 405(j)(3)(A) ("[T]he Commissioner of Social Security shall establish a system of accountability monitoring whereby [a representative payee] shall report not less often than annually with respect to the use of such

---

[2] Neither 42 U.S.C. § 405(a), (b), and (i); 42 U.S.C. §1007 et seq.; nor the various administrative regulations pertaining to Social Security Administration Employee benefits cited by Plaintiff create a private right of action. Nor does any other section of 42 U.S.C. § 405 except for subsection (g), which does not apply to the Complaint, as Plaintiff correctly points out.

payments."); 20 C.F.R. § 404.2065 (explaining record keeping requirement of representative payee); 20 C.F.R. § 404.2025 (explaining ability of the SSA to stop sending benefit payments to representative payee for non-compliance). As the West Virginia Supreme Court has noted:

> It is clear from the U.S.C. and the C.F.R. that the SSA is in the proper position to address [mismanagement of funds], either administratively or by referral to the appropriate authorities for prosecution under United States Code. The [state] court lacks jurisdiction to order that the funds be returned, or to mandate where they are to be distributed.

*In re Haylea G.*, 231 W.Va. 494, 745 S.E.2d 532, 539 (2013); *see also In re Ryan W.*, 434 Md. 577, 76 A.3d 1049, 1059 (2013) ("[S]uch disputes are for resolution within the federal administrative process and subject to further federal judicial review.").

*Peace*, 234 Ariz. at 548, 323 P.3d at 1199. As explained in *Peace*, the federal remedies for payee misuse of funds exist, but these remedies do not include a private right of action in the United States District Court.

Further, in *Peace*, the Arizona Court of Appeals addressed a situation regarding **payee** misuse of funds.[3] In contrast, the gravamen of the Complaint in this case is that the defendants, **who were never payees**, converted the minor's funds to their own use. The *Peace* case did not address state court jurisdiction for a claim for conversion of previously distributed funds by non-payee defendants. *See Autoville, Inc. v. Friedman*, 20 Ariz.App. 89, 510 P.2d 400, 402 (1973) ("The gravamen of [conversion] is [ ] the wrongful interference with another's ownership or right of possession." (citations omitted)); *Focal Point, Inc. v. U-Haul Co. of Arizona, 155 Ariz. 318*, 319, 746 P.2d 488, 489 (Ct. App. 1986).

Plaintiff has not raised a federal question as set forth in 28 U.S.C. § 1331, the Complaint does not request review of a decision of the Commissioner of Social Security under 42 U.S.C. § 405(g), and diversity jurisdiction has not been established.

---

[3] The Arizona Court of Appeals points out that the lower family court "apparently determined Wife should have been the designated representative payee entitled to receive the children's Social Security benefits." *Peace*, 234 Ariz. at 548, 323 P.3d at 1199.

- 11 -

For the reasons above, the Court finds that it lacks subject matter jurisdiction over the Complaint and therefore dismisses the Complaint without prejudice.

Accordingly,

**IT IS THEREFORE ORDERED** dismissing the Complaint without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** denying Defendants' motion to dismiss (Doc. 8) as moot.

**IT IS FURTHER ORDERED** denying Defendants' motion to strike (Doc. 19)

**IT IS FURTHER ORDERED** denying Plaintiff's motion for entry of default (Doc. 16).

**IT IS FURTHER ORDERED** directing the Clerk of the Court seal Plaintiff's Complaint at document 17.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to redact the minor's name from the Complaint at page 5, line 24 and refile the newly redacted Complaint so that the public record contains a Complaint that complies with redaction rules.

**IT IS FURTHER ORDERED** the Clerk of Court is directed to dismiss this action without prejudice.

Dated this 17th day of April, 2020.

_____
Honorable Deborah M. Fine
United States Magistrate Judge